IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AUTO-OWNERS INSURANCE
COMPANY,

              Plaintiff,

   v.                                      1:16-cv-4422-WSD

BENJAMIN J. COHEN, et al.,

              Defendants.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Auto-Owners Insurance Company's ("Plaintiff") unopposed Motion for Summary Judgment [63]. Also before the Court is Defendants Benjamin J. Cohen and Sarah F. Cohens' Motion to Take Judicial Notice of Official State Documents [53] ("Motion to Take Judicial Notice").[1]

**I.    BACKGROUND**

On November 30, 2016, Plaintiff, an insurance company, brought this declaratory judgment action pursuant to Rule 57 of the Federal Rules of Civil

---

[1] Considering the Court's granting of Plaintiff's unopposed Motion for Summary Judgment, the Court denies as moot the Motion to Take Judicial Notice.

Procedure and 28 U.S.C. § 2201 seeking a declaration that it has no duty to defend or indemnify Defendants[2] in an underlying construction defects lawsuit and arbitration. (Complaint for Declaratory Judgment [1] ("Complaint") at 42). Plaintiff brought this action after Defendants Luxe Properties, Inc. ("Luxe") and Silver Creek Redevelopment Co. ("Silver Creek"), the construction developers in the underlying action who are insured by Plaintiff, notified Plaintiff that they would be seeking defense and indemnification under their insurance policy for the claims in the underlying lawsuit. (Plaintiff's Statement of Undisputed Material Facts ("Pl. Stmt.") ¶ 1).

On June 14, 2017, Plaintiff filed its Motion for Summary Judgment. In it, Plaintiff argues that it is entitled to summary judgment "because there is no genuine dispute of material fact as to whether Defendants Luxe and Silver Creek (the "Insureds") breached the notice provision of the[ir] [insurance policy], which is a condition precedent to coverage." ([63.1] at 8). Plaintiff further contends that, "even if the Insureds had provided timely notice of the occurrence, claims, and

---

[2] "Defendants," as named in the Complaint, include the following entities and individuals: Benjamin J. Cohen, individually; Sarah F. Cohen, individually; Luxe Properties, Inc. d/b/a Hedgewood Homes; Hedgewood Glenwood, LLC; Hedgewood Realty; Silver Creek Redevelopment Company; Grant Adam Hafner, individually; Hafner Construction, Inc.; Penner Graff, LLC; Steven Donald Graff, individually; Pamela Dale Sessions; individually; James W. Donnelly, Jr., individually; Ben Sessions Donnelly, individually; Drew S. Donnelly, individually; Andrew Matinchek, individually; and Frances M. Marty, individually.

2

subsequent lawsuits, the damages sought against the Insureds in the Underlying Lawsuit do not trigger coverage under the [insurance policy]." (Id.).

Defendants did not file a response to the Motion for Summary Judgment, but, instead, on July 11, 2017, filed a Stipulation [65][3] stating that they "hereby stipulate and agree that they do not contest any coverage issues raised by Plaintiff in this declaratory judgment action." ([65] at 1). The Stipulation further provides that "due to the lack of coverage, Luxe Defendants agree to withdraw their requests for defense and indemnity under the commercial general liability policy issued by Auto-Owners Insurance Company to Defendants Luxe Properties, Inc. and Silver Creek Redevelopment Co., policy number 104618-48113629." (Id. at 1-2).

## II. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ.

---

[3] All Defendants except Benjamin S. Cohen and Sarah F. Cohen join in the Stipulation. The Stipulation refers to these parties as the "Luxe Defendants."

3

P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L.Ed.2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

Even if a motion for summary judgment is unopposed, the movant must nevertheless show it is entitled to judgment on the merits, based on evidentiary materials in the record. See Dunlap v. Transam. Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir.1988) (district court did not err in treating motion for summary judgment as unopposed where it considered the merits of the motion). The district court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted," but it must at least review all those submitted in support of the summary judgment motion. United States v. 5800 S.W. 74th Ave., 363 F.3d 1099, 1101 (11th Cir.2004). A district court's order granting an unopposed motion for summary judgment must indicate that the merits

were considered. Id. at 1102.

   B.   Analysis

Considering Defendants' Stipulation, the Court finds that no genuine issue of material fact exists as to whether the "Insureds" (Luxe and Silver Creek), as Plaintiff refers to them in its Motion for Summary Judgment, are entitled to defense or indemnification by Plaintiff. The Stipulation makes clear that any dispute regarding the insurance coverage is no longer at issue.

Even barring the Stipulation, the evidence is undisputed that Defendants Luxe and Silver Creek breached the notice provision of their insurance policy, and that the damages sought against them in the underlying lawsuit do not trigger coverage under their insurance policy. No Defendant presented any defense to the claims asserted by Plaintiff. Under our Local Rule 7.1B, failure to respond to a motion indicates the motion is unopposed. See N.D.Ga. LR 7.1B. On the undisputed facts here, and in view of Defendants' failure to oppose the motion, the Court finds that Plaintiff is entitled to summary judgment.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [16] is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in

favor of Plaintiff and declaring that Plaintiff is not obligated to defend or indemnify Defendants.

**SO ORDERED** this 21st day of November 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE